356 F.2d 985
 The SUSQUEHANNA CORPORATION, (Appellant in No. 15791)
v.
GENERAL REFRACTORIES COMPANY, D. Emmert Brumbaugh, Harry T.
Graham, John E. Hartshorn, Arthur F. Kroeger,
David Remer and William B. Walker.
General Refractories Company, John E. Hartshorn, and Harry
T. Graham,(Appellants in No. 15787).
 Nos. 15787, 15791.
 United States Court of Appeals Third Circuit.
 Argued Feb. 18, 1966.
Decided March 2, 1966, but Jurisdiction retained.
 
 Appeal from the United States District Court for the Eastern District of Pennsylvania; Joseph S. Lord, III, Judge, 250 F.Supp. 797.
 Sidney L. Wickenhaver, Philadelphia, Pa., for appellants in No. 15,787 (General Refractories Co., John E. Hartshorn and Harry T. Graham) and appellee in No. 15,791 (Thomas N. O'Neill, Arthur H. Moss, Philadelphia, Pa., on the brief).
 H. Francis DeLone, Philadelphia, Pa., for appellant in No. 15,791 (Susquehanna Corp.) and appellees in No. 15,787.
 Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We hold that the basic position of recognizing and accepting jurisdiction in this matter by the District Court is sould and that said jurisdiction has been properly exercised. As to the scope of the relief to plaintiff, The Susquehanna Corporation, we agree that it is entitled at this time to the proxy statements and to copies of the minutes of the directors meetings of the General Refractories Company at which the transaction here involved was considered. We will retain plaintiff's application for certain further specific information in abeyance until after the proxy statements have been made available to plaintiff. In the event the said statements be deemed insufficient by plaintiff it may make application to this Court on notice to the defense for enlargement of the relief allowed. There should be no difficulty in working out a reasonable timetable by and between the parties. If, however, the necessity should arise, either party on notice may bring this element of the case before this Court.
 
 
 2
 The order of the District Court of February 11, 1966 is affirmed with respect to Paragraphs 1 and 2. Decision is reserved as to Paragraph 3 of said order.
 
 
 3
 Judge Hastie believes that the plaintiff is not entitled to the preliminary proxy material which the defendant General Refractories Company has filed with the Securities and Exchange Commission and that its right, if any, to other information should be determined by the District Court after the defendant's proxy material shall have been published and in the light of that publication. Accordingly, Judge Hastie agrees that the plaintiff is not now entitled to the requested additional material and information, but otherwise he dissents from the present disposition of this appeal.